**In the Matter of Leon F. DeBOER and Betty M. DeBoer, Debtors.**

**Bankruptcy No. BK85–2108.**

United States Bankruptcy Court, D. Nebraska.

May 1, 1986.

James E. Doyle, Cook, Kopf & Doyle, P.C., Lexington, Neb., for the Federal Land Bank.

Vince Powers, Lincoln, Neb., for debtors.

## MEMORANDUM OPINION RE MOTION FOR RELIEF FROM THE AUTOMATIC STAY

TIMOTHY J. MAHONEY, Bankruptcy Judge.

Hearing on motion for relief from the automatic stay filed by The Federal Land Bank was heard in Lincoln on March 17, 1986. Appearing on behalf of The Federal Land Bank was James E. Doyle of Cook, Kopf & Doyle, P.C., Lexington, Nebraska. Appearing on behalf of the debtors was Vince Powers of Lincoln, Nebraska.

### Facts

The debtors are farmers who mortgaged their land to The Federal Land Bank of Omaha (FLB) on or about December 11, 1979. Such mortgage was to secure a note in the amount of $325,000. The mortgage covered an interest in 320 acres of real estate in Dawson County, Nebraska. Prior to bankruptcy the debtors defaulted on the payments due pursuant to the note and mortgage, the FLB accelerated the amount due and instituted a mortgage foreclosure action in the District Court of Dawson County, Nebraska, on July 24, 1985. In its petition the FLB requested the appointment of a receiver and filed a motion for the appointment of a receiver on July 24,

28

1985, and a hearing on such motion was scheduled for September 13, 1985. The debtors filed for relief under Chapter 11 of the Bankruptcy Code on September 12, 1985.

The evidence presented at the hearing on the motion for relief from the automatic stay is that the debtors-in-possession did not have any equity in the real property on the date that the bankruptcy petition was filed and The Federal Land Bank's debt on the property was undersecured.

No disclosure statement or plan of reorganization has been filed. As of the date of the hearing on the motion for relief, no operating statements have been filed by the debtors-in-possession.

On February 19, 1986, the FLB filed its motion for relief from the automatic stay requesting permission to continue the foreclosure proceedings previously initiated.

The debtors-in-possession do need the real estate for an effective reorganization.

At the hearing on the motion for relief, the debtors-in-possession made the following offer as an offer of adequate protection in this case:

1. The debtors-in-possession would pay the 1985 real estate taxes;

2. The debtors-in-possession would assign one-third of the 1986 crop to be grown by the debtors-in-possession on the real property to The Federal Land Bank;

3. The debtors-in-possession would waive their rights under the Nebraska State law to a nine-month stay of the foreclosure sale on the real property.

At the time of the hearing the FLB was owed $402,084.97. The real estate taxes, interest and advertising unpaid amounted to $9,702.68, with the 1985 taxes in the amount of $4,925.43 included in the total. The real estate taxes continue to accrue and interest and advertising on the unpaid taxes also continue to accrue.

On the date of the bankruptcy filing, the value of the real property was $340,000 and on the date of the hearing in March of 1986, the value of the real estate was $280,-000. Therefore, it is apparent there has been a decline in the value of the real estate from the date of the filing to the date of the hearing in the amount of $60,-000.

### Issue

Is the offer of adequate protection by the debtors sufficient to protect the interest of the creditor in the collateral?

### Analysis and Decision

■ The sufficiency of an offer of adequate protection is a question of fact to be determined by the Bankruptcy Court on a case-by-case basis. See In re Martin, 761 F.2d 472 (8th Cir.1985). The Martin case, although dealing with adequate protection in the context of a cash collateral proceeding under 11 U.S.C. § 364, does give the Court an outline of matters to consider when determining the adequacy of the offer made by the debtors.

■ First, the Court is to determine the value of the creditor's interest. That value on the date of the filing of bankruptcy was $340,000.

Next, the Court is to consider the risk to the secured creditor's value during the time the secured creditor is prohibited from taking possession of the collateral. The risk in this case is that the collateral will decline in value. The evidence is that it has declined in value and the evidence admitted at the hearing is that the real estate will continue to decline in value in the near future. In addition, interest is accruing on taxes which contribute to the decline in value of the creditor's interest and taxes which are unpaid are a lien with priority over the interest of the creditor.

The offer of adequate protection provides that the 1985 real estate taxes shall be paid. It does not offer to pay the 1984 taxes and, therefore, the value of the creditor's interest is reduced by the 1984 taxes plus interest and advertising in the amount of $4,777.25.

■ The debtor offers one-third of the 1986 crop as a portion of the adequate

protection proposal. According to the *Martin* case, the Bankruptcy Court is to evaluate the risks to the secured creditor's value and, under the circumstances of this case, evaluate the risk to the 1986 crop. This Court has no evidence concerning the ability of the debtors-in-possession to plant and harvest the 1986 crop. There is no evidence concerning whether or not the crops shall be insured and there is no way for the Court to evaluate the potential success of the crop in view of potential weather problems or insect infestation. The Court has no evidence of the productivity of the land, the husbandry practices of the farmer, including his proven crop yields from previous years; the health and reliability of the farmer; the condition of the farmer's machinery; whether there are encumbrances on the machinery which may subject it to being repossessed before the crop is harvested; the potential encumbrances on the present or future crop by other secured creditors; the availability of crop insurance and the risk of crop failure not covered by the crop insurance; and the anticipated fluctuation in market price of the farmer's crop.

Without such evidence, it is impossible for the Court to make any type of a determination concerning the adequacy of the offer. The reason it is impossible is that the Court must determine the value of the offer. It cannot make such a determination without having been presented the evidence necessary as a result of the *Martin* case.

The final portion of the offer of adequate protection is a waiver of the State law right to stay a foreclosure sale. Debtor's position is that the only right or the main right that the FLB has is the right to foreclose. The debtor argues that the FLB will not receive possession of the land even if it is permitted to complete its foreclosure case because of the State law right to stay the foreclosure sale. Therefore, the debtor argues that giving up the right to stop the foreclosure sale is a valuable benefit to FLB and is a significant matter to the debtor.

The problem with this portion of the offer is that it is effective and of benefit to FLB only if the debtor's reorganization proposal or proposals are *not* successful. This portion of the offer simply lets the debtor have the equivalent of the stay of the foreclosure sale before the foreclosure judgment is entered and still requires the FLB to watch the collateral decline in value, wait for a determination of the success or nonsuccess of the reorganization proposal, if any, eventually file another motion for relief from the automatic stay, then, if successful, continue the foreclosure action to judgment subject to any and all debtor defenses in State Court.

This Court agrees that the waiver of the nine-month State law stay of foreclosure sale is of value. However, it is not enough. The creditor will still be held off for a long period of time from obtaining possession of the collateral and will still have to litigate the mortgage foreclosure case.

Therefore, because the Court does not have the evidence required by the *Martin* case concerning the feasibility of the planting and harvesting of the crop and its value and because the waiver of the State law stay of foreclosure sale is not sufficient, by itself, to protect the interest of the creditor, the creditor's motion for relief from the automatic stay is granted. The creditor is permitted to continue the State Court foreclosure proceeding, including that portion of the foreclosure proceeding in which the creditor requested the appointment of a receiver.